

| PORTLAND MAIN OFFICE | | EUGENE BRANCH |
|---|---|---|
| 1000 SW Third Avenue, Suite 600 | | 405 E 8th Avenue, Suite 2400 |
| Portland, Oregon 97204 | | Eugene, Oregon 97401 |
| (503) 727-1000 | | (541) 465-6771 |
| www.usdoj.gov/usao/or | | |
| | **U.S. DEPARTMENT OF JUSTICE** | |
| Paul T. Maloney | United States Attorney's Office | MEDFORD BRANCH |
| Assistant U.S. Attorney | District of Oregon | 310 West Sixth Street |
| Paul.Maloney@usdoj.gov | Scott E. Bradford | Medford, Oregon 97501 |
| (503) 727-1000 | United States Attorney | (541) 776-3564 |
| *Reply to Portland Office* | | |

October 2, 2025

Ryan Costello
Assistant Federal Defender

    Re:    *United States v. Nadya Malinowska*
            Case Number: 3:25-cr-00281-AN
            Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count 3 of the information alleging failing to obey a lawful order in violation of Title 41, Code of Federal Regulations, Section 102.74.385.

3.    **Penalties**: The maximum sentence is 30 days' imprisonment, a fine of $5,000, and a $5 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**: In order for defendant to be found guilty of Count 3 of the information, the government must prove the following elements beyond a reasonable doubt:

    First, the defendant was on federal property, and

    Second, the defendant willfully and knowingly failed to comply with the lawful direction of a federal officer.

Mr. Ryan Costello
Re: Nadya Malinowska Plea Agreement Letter
Page 2
October 2, 2025

Defendant admits the elements of the offense alleged in Count 3 of the information.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are undisputed:

> On the night of June 29, 2025, a crowd had gathered in the driveway of the Immigration and Customs Enforcement building in Portland, Oregon. Federal officers made numerous announcements directing protesters to clear the driveway. While the crowd remained in the driveway, vehicles were unable to depart the building. After several announcements that the premises were closed and that those found on the property would be subject to arrest, defendant failed to comply with the warnings and directions to move from the driveway, which is federal property, and was arrested and cited.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 1B1.9, the sentencing guidelines do not apply, and the Court may impose any sentence authorized by statute.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a 12-month term of probation. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, violates the terms of pretrial release by entering the exclusion zone surrounding the Portland Immigration and Customs Enforcement building, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

**Joint Sentencing Recommendation**: The parties agree to jointly recommend a sentence of 12 months' probation during which 15 hours of community service must be completed, and a $5 special assessment. During the term of probation, defendant is prohibited from entering the area surrounding the Immigration and Customs Enforcement Building in Portland Oregon. Defendant is specifically prohibited from entering the area bounded by South Gaines Street to the North; South Boundary Street to the South; South Corbett Avenue to the West; and the Willamette

Mr. Ryan Costello
Re: Nadya Malinowska Plea Agreement Letter
Page 3
October 2, 2025

River to the East. Defendant may use I-5 to transit the exclusion area so long as defendant does not depart the freeway or stop within the exclusion area.

9.  **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

10.  **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

11.  **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer, and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

12.  **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

13.  **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by

Mr. Ryan Costello
Re: Nadya Malinowska Plea Agreement Letter
Page 4
October 2, 2025

all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

14. **Deadline**: This plea offer expires if not accepted within two weeks of the date of this letter.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*Digitally signed by GREGORY NYHUS*
*Date: 2025.10.02 10:36:48 -07'00'*

GREGORY R. NYHUS
Assistant United States Attorney

    I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10/23/25
Date

NADYA MALINOWSKA
Defendant

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/23/25
Date

RYAN COSTELLO
Attorney for Defendant